UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAROUN DAIRIES, INC.,

            Plaintiff,

v.

KAROUN DAIRIES, INC., *et al.*

            Defendant.

Civil No. 08cv1521-L(POR)

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION**

      In this trademark infringement action Defendants challenge personal jurisdiction under Rule 12(b)(2) of Federal Rules of Civil Procedure.  Defendants are Karoun Dairies, Inc., a Canadian corporation ("Karoun Canada"), Karlacti, Inc., a Delaware corporation ("Karlacti"), and Ara Baghdassarian, a Virginia resident.  Defendants claim they have insufficient contacts with the State of California to be subject to its jurisdiction.  Plaintiff opposed the motion and Defendants replied.  For the reasons which follow, the motion is **DENIED**.

      The plaintiff has the burden of establishing personal jurisdiction.  *See Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).  In ruling on the motion, the "court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  Where a motion is based on written materials rather than an evidentiary hearing, / / / / /

1
2
3

the plaintiff need only make a *prima facie* showing of jurisdictional facts.  In such cases, we only inquire into whether [the plaintiff]'s pleadings and affidavits make a *prima facie* showing of personal jurisdiction.  Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true.  Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.

4

5
6
7

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)(citations and quotation marks omitted).[1]  A *prima facie* showing means that "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant."  *Unocal*, 248 F.3d at 922.

8
9
10
11
12
13

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  Both the California and the federal long-arm statute, Fed. R. Civ. P. 4(k)(2), *see Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007),[2] require compliance with due process requirements.  *Pebble Beach*, 453 F.3d at 1155.

14
15
16
17
18
19

There are two types of personal jurisdiction: general and specific.  General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities . . . ."  *Fields v. Sedgewick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).  Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related activities gave rise to the action before the court.  *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Plaintiff claims that the court has specific jurisdiction over Defendants.

20
21
22

Specific jurisdiction is established by showing three elements: (1) the out-of-state defendant purposefully directed its activities toward a resident of the forum state; (2) the cause of action arose out of or resulted from the defendant's forum-related action; and (3) the forum's

23
24
25

[1]     "Of course, at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence."  *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977).

26
27
28

[2]     Karoun Canada is a Canadian corporation.  Although it claims it is not subject to jurisdiction in California, it does not identify any other state in the United States where it is subject to jurisdiction.  In such cases, Rule 4(k)(2) provides for the minimum contacts analysis encompassing contacts with the entire United States and not just the forum state; however, Plaintiff's opposition is based solely on Karoun Canada's contacts with California.

08cv1521

exercise of personal jurisdiction is reasonable.  *Myers v. The Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001).  "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law."  *Pebble Beach*, 453 F.3d at 1155.

The first prong, purposeful availment, means that the defendant has "either (1) purposefully availed himself of the privilege of conducting activities in the forum, or (2) purposefully directed his activities toward the forum."  *Id.*  (internal quotation marks and citation omitted).  "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum.  Evidence of direction generally consists of action taking place outside the forum that is directed at the forum."  *Id.*  To constitute purposeful direction toward the forum, the defendant "must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Yahoo! Inc. v. La Ligue Contre le Racisme et l' Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (internal quotation marks, brackets and citations omitted).  Plaintiff contends that Defendants purposefully availed themselves of the privilege of conducting activities in California and purposefully directed their out-of-state activities toward California.

Plaintiff Karoun Dairies is a California corporation in the business of manufacturing and importing ethnic cheese and milk products and distributing them throughout the United States.[3] (Compl. at 2; Declaration of Anto Baghdassarian ("Anto Decl.") at 1-2.)  In 1993 Plaintiff registered with the United States Patent and Trademark Office ("USPTO") trademark "Karoun Dairies" and subsequently registered three additional trademarks related to its business.  (Compl. at 2-3 & Ex. 1 - 4; Anto Decl. at 1-2.)  The company was founded by Anto Baghdassarian, brother of Defendant Ara Baghdassarian.[4]  (Compl. at 4; Anto Decl. at 2; Declaration of Ara Baghdassarian ("Ara Decl.") at 1.)

_____

[3]      Unless noted, Defendants do not dispute Plaintiff's factual assertions.

[4]      For clarity and ease of reference, Anto Baghdassarian and Ara Baghdassarian are hereinafter referred to as Anto and Ara.  The court means no disrespect by referring to them by their first names.

08cv1521

1   Anto and Ara learned the business at the family dairy plant in Lebanon, which had
2   operated under the Karoun name since 1931.  (Anto Decl. Ex. B; Ara Decl. at 1; Compl. at 4.)
3   In 1972 the family dairy was formally established as Karoun Dairies S.A.L.  (Anto Decl. Ex. B.)
4   After the death of his father, Anto sold his interest in the family business to Ara, who in 1981
5   became, and remains, the general manager of the family business.  (*Id*; Ara Decl. at 1; Compl. at
6   4.)  In 1990 Anto immigrated to the United States and established Plaintiff, Karoun Dairies, in
7   California.  (Compl. at 4.)  Anto is Plaintiff corporation's CEO and shareholder.  (Anto Decl. at
8   1.)

9   In January 2006 Ara retained intellectual property counsel in California to assist with
10  trademark matters.  (Ara Decl. at 1; Second Declaration of Ara Baghdassarian ("Second Ara
11  Decl.") at 1.)  In June 2006 Ara's counsel filed a trademark application to register the Karoun
12  mark with the USPTO on behalf of  Karoun Dairies S.A.L.  Plaintiff objected to the application.
13  (Anto Decl. at 2 & Ex. A - F; Compl. at 5.)  The parties' counsel exchanged at least six letters
14  from November 2006 through at least March 2007.  (*Id*.)  Plaintiff's counsel demanded that
15  Ara's counsel withdraw the trademark application.  Ara's counsel, on the other hand, asserted
16  that Karoun Dairies S.A.L. intended to expand its business into the United States under the
17  Karoun name and demanded that Plaintiff cease and desist using the Karoun marks.  He argued
18  that Anto had sold his right to use the marks to Ara when he sold him his interest in the family
19  business.  In May 2007 Ara's trademark application was abandoned.  (Compl. at 5.)

20  In July 2006, following the outbreak of military conflict in Lebanon, Ara and his
21  immediate family settled in Arlington, Virginia.  (Ara Decl. at 1; Second Ara Decl. at 1.)  In
22  October 2006 Ara and his immediate family visited Anto's family in Los Angeles.  (Ara Decl. at
23  1; Anto Decl. at 2-3; Declaration of Talar Khatcherian ("Talar Decl.") at 2; Ohan Baghdassarian
24  Decl. ("Ohan Decl.") at 1-2; (Declaration of Tsolak Khatcherian ("Tsolak Decl.") at 1.)  This
25  was Ara's only trip to California.  (Ara Decl. at 1; Second Ara Decl. at 1.)  During the visit, Ara
26  was seen in possession of driving directions to Plaintiff's two manufacturing facilities in
27  California.  (Tsolak Decl. at 2.)  Although Ara denies he personally inspected the facilities
28  (Second Ara Decl. at 1), his possession of the directions suggests that at least one of his

1   objectives in California was a visit to the facilities, whether personally or by delegating the task.

2   Moreover, while in California, Ara demanded a share in Plaintiff corporation or compensation,

3   both of which Anto denied.  (Anto Decl. at 2-3.)

4          From October 2006 to August 2008, Ara contacted "a couple of times" Raffi Kradjian of

5   Kradjian Importing Co. ("Kradjian") in California.  (Second Ara Decl. at 1.)  Kradjian is

6   Plaintiff's associate and competitor.  (Anto Decl. at 3.)  He is in the business of importing and

7   distributing Middle Eastern specialty foods in the United States.  (Second Ara Decl. at 1.)

8   According to Ara, he contacted Mr. Kradjian on behalf of Karoun Dairies S.A.L. to "get a

9   general feel of the U.S. market."  (*Id.*)  According to Anto, Mr. Kradjian told him Ara

10  represented that his business was the "real" Karoun Dairies and asked him to deal only with Ara

11  to the exclusion of Plaintiff.  (Anto Decl. at 3.)  Defendants objected to Anto's account of the

12  conversations between Ara and Mr. Kradjian as hearsay.  (Reply at 3.)  Because the objection is

13  well-taken, the court will not consider Anto's affidavit to the extent it refers to Mr. Kradjian's

14  account of his conversations with Ara.  Accepting Ara's affidavit on this point, however, it is

15  apparent that he contacted Mr. Kradjian regarding the planned expansion of his dairy business in

16  the United States.

17         In February 2007 Karlacti was incorporated in Delaware and in September 2007 Ara

18  incorporated Karoun Canada in Canada.  (Declaration of Ara Baghdassarian in His Capacity as

19  President of Karlacti ("Karlacti Decl.") at 1; Declaration of Ara Baghdassarian in His Capacity

20  as President of Karoun Canada ("Karoun Canada Decl.") at 1.)  Ara is the president of both

21  companies.  (Karlacti Decl. at 1; Karoun Canada Decl. at 1.)  Defendants operate at least four

22  websites:  karoun.com, karoundairies.com, karoundairies.ca and karlacti.com.  (Compl. at 5.)[5]

23

24         [5]     Defendants note that two of the websites, karoundairies.com and karoun.com, are
    owned by Karoun Dairies S.A.L.  (Reply at 4.)  They filed no affidavit in support of this
25  assertion.  The statement in their reply brief is insufficient to controvert the allegations in the
    complaint for purposes of personal jurisdiction.  Allegations made in the complaint are
26  controverted if they are contradicted by affidavit.  *See Data Disc*, 557 F.2d at 1284 (the court
    "may not assume the truth of allegations in a pleading which are contradicted by affidavit").
27  "[U]ncontroverted allegations in the complaint must be taken as true."  *Dole*, 303 F.3d at 1108.
    Even if the court were to take Defendants' assertion at its face value, it would not materially
28  alter the analysis.

1  Although Ara asserts that neither company conducts or solicits business in California and that

2  neither has made any sales there (Karlacti Decl. at 1; Karoun Canada Decl. at 1), Anto claims

3  that the Karoun Canada website actively solicits business in the United States, including

4  California (Anto Decl. at 3).  For purposes of personal jurisdiction, any conflicts between

5  affidavits must be resolved in Plaintiff's favor.  *See Dole*, 303 F.3d at 1108.

6      Plaintiff alleged, and Defendants have not controverted, that the purpose of these

7  companies is to interfere with Plaintiff's business.  Karoun Canada makes, distributes and sells

8  the same products as Plaintiff in the United States.  (*Id*.)  The name of Karoun Canada and three

9  of the domain names attempt to capitalize on Plaintiff's goodwill and cause confusion.  (*Id*.)

10  After Plaintiff demanded that Defendants include a disclaimer in their advertising materials to

11  minimize association with Plaintiff, Defendants posted a statement on the websites that Plaintiff

12  registered its corporation without Defendants' consent.  (*Id*.)  To a website visitor, this implies

13  that Plaintiff may be misappropriating the marks.

14      Although merely registering a domain name and posting an essentially passive website is

15  insufficient to show purposeful availment or purposeful direction, this is not the case here.  *See*

16  *Pebble Beach*, 453 F.3d at 1157.  When the allegedly infringing website is posted as part of a

17  larger scheme, for example, to obtain money from the allegedly legitimate trademark holder,

18  then the purposeful direction requirement is met.  *Id*. at 1156-57, citing *Panavision Int'l, L.P. v.*

19  *Toeppen*, 141 F.3d 1316, 1318-19 (9th Cir. 1998).  In this case, for purposes of personal

20  jurisdiction, Defendants' websites are a part of their larger scheme to either obtain money from

21  Plaintiff or make money by unfairly competing with Plaintiff by using its marks.  Furthermore,

22  at least one of the websites is not passive, but actively solicits business.  (*See supra*.)

23  Defendants' acts in this regard were expressly aimed at Plaintiff in California.

24      In the alternative, Plaintiff argues that Karoun Canada and Karlacti each is Ara's *alter*

25  *ego*.  "The corporate form may be ignored in cases in which the corporation is an agent or alter

26  ego of the individual defendant."  *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520-21 (9th

27  Cir. 1989).  To satisfy the *alter ego* exception, "the plaintiff must make out a prima facie case (1)

28  that there is such unity of interest and ownership that the separate personalities . . . no longer

08cv1521

1   exist and (2) that failure to disregard their separate identities  would result in fraud or injustice."

2   *Unocal*, 248 F.3d at 926 (internal quotation marks, brackets and citation omitted).

3           "The first prong of this test  has alternately been stated as requiring a showing that the

4   [owner] controls the [corporate entity] such a degree as to render the latter the mere

5   instrumentality of the former."  *Id*. (internal quotation marks and citation omitted).  Plaintiff

6   alleged that

7           Defendants Karoun Canada and Karlacti are mere shells, instrumentalities and
            conduits through which Defendant Ara Baghdassarian carries on his business in
8           the corporate name, exercising complete control and dominance over such business
            to the extent that any individuality or separateness of Defendants Karoun Canada,
9           Karlacti and Ara Baghdassarian do not exist.  [¶ ]  Defendants Karoun Canada and
            Karlacti are each alter ego of Defendant Ara Baghdassarian and there exists a unity
10          of interest and ownership between the Defendants such that any separateness has
            ceased to exist, in that Defendant Ara Baghdassarian used assets of Defendants
11          Karoun Canada and Karlacti for his own use, caused assets of the corporations to
            be transferred to him without adequate consideration, and withdrew funds from the
12          corporations' bank accounts for his personal use.

13   (Comp. at 4.)  The court notes that only Ara filed any affidavits on behalf of Karoun Canada and

14   Karlacti, and that Defendants argued only as to Ara that litigating in California would be

15   burdensome.  (*See* Ara Decl. at 2; *cf*. Second Ara Decl.; Karlacti Decl. & Karoun Canada Decl.)

16          As to the second prong of the *alter ego* inquiry, Plaintiff alleged that "to adhere to the

17   fiction of a separate existence for Karoun Canada or Karlacti as an entity distinct from Ara

18   Baghdassarian would result in injustice and would be an abuse of the corporate privilege."  (*Id*.)

19   For purposes of personal jurisdiction, Plaintiff made a *prima facie* showing that Ara incorporated

20   these entities to facilitate his interference with Plaintiff's business.  (*See id*. and discussion of

21   facts *supra*.)

22          Defendants did not controvert Plaintiff's *alter ego* allegations.  Accordingly, Plaintiff

23   made out a *prima facie* case, for purposes of personal jurisdiction, that Karoun Canada and

24   Karlacti each are Ara's *alter ego*.

25          Based on the foregoing, for purposes of personal jurisdiction, Plaintiff met its burden to

26   make a *prima facie* case showing that all Defendants, including Karlacti and Karoun Canada,

27   whether independently or each as Ara's *alter ego*, purposefully availed themselves of conducting

28   activities in California and purposefully directed their activities at Plaintiff in California.

08cv1521

1   Because Ara knew that Plaintiff is located in California, Defendants knew the damage would be

2   suffered in California.

3          The second jurisdictional requirement, that "the contacts constituting purposeful

4   availment must be the ones giving rise to the current suit [,is] measure[d] . . . in terms of 'but for'

5   causation." *Bancroft & Masters*, 223 F.3d at 1088.  Here, Plaintiff alleges, and Defendants do

6   not controvert, that Defendants' activities caused confusion, mistake and deception among

7   Plaintiff's consumers, constituted unfair competition and false designation of origin, diluted the

8   distinctive qualities of Plaintiff's marks, damaged its reputation and goodwill, and caused lost

9   sales and profits.  (Compl. *passim*.)  Plaintiff made a *prima facie* showing that all of Defendants'

10  activities constituting purposeful availment and purposeful direction were aimed at using the

11  Karoun name in the United States, including California, for their own benefit, whether or not

12  they obtained rights to it.  All of Plaintiff's causes of action are based on the premise of

13  Defendants' unlawful use of Plaintiff's marks.  But for Defendants' actions constituting

14  purposeful availment and purposeful direction, Plaintiff would not have asserted any of the

15  claims this lawsuit.

16         Once the court concludes that the defendant purposefully directed his activities at the

17  forum state and that the claims at issue arise from those contacts, the court must determine

18  whether the assertion of personal jurisdiction comports with traditional notions of "fair play and

19  substantial justice." *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945).  The exercise of

20  personal jurisdiction must be reasonable to satisfy the Due Process Clause.  *Panavision*, 141

21  F.3d at 1322.  "Where a defendant who purposefully has directed his activities at forum residents

22  seeks to defeat jurisdiction, he must present a compelling case that the presence of some other

23  considerations would render jurisdiction unreasonable."  *Id*. (citations omitted).  In assessing the

24  reasonableness of the forum, the court must consider the following factors:

25         (1) the extent of a defendant's purposeful interjection; (2) the burden on the
        defendant in defending in the forum; (3) the extent of conflict with the sovereignty
26      of the defendant's state; (4) the forum state's interest in adjudicating the dispute;
        (5) the most efficient judicial resolution of the controversy; (6) the importance of
27      the forum to the plaintiff's interest in convenient and effective relief; and (7) the
        existence of an alternative forum.  No one factor is dispositive; a court must
28      balance all seven.

08cv1521

1   *Id*. at 1323 (citations omitted).

2        Regarding the first factor, "[e]ven if there is sufficient 'interjection' into the state to

3   satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in

4   assessing the overall reasonableness of jurisdiction under the reasonableness prong." *Id.* at 1323

5   (citations omitted).  The purposeful interjection factor weighs strongly in the plaintiff's favor

6   even if the defendant merely sent a letter to the forum state with knowledge it would likely

7   injure the plaintiff in California.  *See id.*  Defendants' interjection into California was more

8   extensive, including Ara's presence in California where he made demands on his brother, his

9   telephone calls to Mr. Kradjian in California, Ara's counsel's correspondence with Plaintiff's

10  counsel in California, and Defendants' websites which are accessible in California.

11       "A defendant's burden in litigating in the forum is [the second factor] in the assessment of

12  reasonableness, but unless the inconvenience is so great as to constitute a deprivation of due

13  process, it will not overcome clear justifications for the exercise of jurisdiction." *Id.*  Defendants

14  argue that it would be "extremely burdensome" for Ara to defend a lawsuit in California because

15  he lives in Virginia, the expense of defending at a distance would be "onerous," and it would be

16  "even more onerous" to travel across the country, potentially multiple times.  (Ara Decl. at 2.)

17  Defendants provided no affidavits or argument regarding the burden on Karoun Canada and

18  Karlacti.  Although litigating in California imposes some burden on an out-of-state litigant, the

19  burden is not so great as to deprive Defendants of due process.  *See Panavision*, 141 F.3d at

20  1323 (this is an "era of fax machines and discount air travel").

21       The third factor concerns the extent to which the exercise of jurisdiction would conflict

22  with the sovereignty of the defendant's state.  *Id.*  Defendants do not address this factor.

23       On the other hand, under the fourth factor, California maintains a strong interest in

24  providing an effective means of redress for its injured residents.  *See id.*  Defendants do not

25  contend otherwise.  (*See* Mot. at 10.)  Plaintiff is a California resident who was injured in

26  California.  However, Defendants argue that "the dispute concerns events that allegedly occurred

27  elsewhere, if at all." (*Id.*)  Defendants do not elaborate on this cryptic statement and do not cite

28  any evidence to support it.  Based on the facts supporting purposeful availment, many of the

1  pertinent events occurred in California or were purposefully directed at California, and the

2  alleged damage is being suffered by Plaintiff in California.  To the extent any events occurred

3  elsewhere, Defendants do not argue how this diminishes the interest of California in providing

4  redress to its residents.

5       The fifth factor "focuses on the location of the evidence and witnesses.  It is no longer

6  weighed heavily given the modern advances in communication and transportation." *Panavision*,

7  141 F.3d at 1323.  Another consideration is where the injury occurred.  *Raffaele v. Compagnie*

8  *General Maritime*, 707 F.2d 395, 399 (9th Cir. 1983).  Plaintiff is a California resident, and his

9  injury occurred in California.  His witnesses so far are located in California.  (*See, e.g.*, Anto

10  Decl., Ohan Decl.; Talar Decl. & Tsolak Decl.)  On the other hand, Ara maintains that "the

11  majority of the witnesses and evidence will be located on the East Coast" where Ara lives and

12  where Karlacti and Karoun Canada have offices.  (Reply at 9.)  So far, however, Ara has been

13  the only witness for Defendants and he does not specify any other witnesses or evidence to

14  support of this conclusory statement.

15       In evaluating the sixth factor, the forum's importance to convenient and effective relief

16  for the plaintiff, the Ninth Circuit gives little weight to the plaintiff's inconvenience.  *Panavision*,

17  141 F.3d at 1324.  Although it is more convenient for Plaintiff to litigate in California, there is

18  no reason to conclude that Plaintiff would be more inconvenienced than Defendants by litigation

19  out of home state.

20       Defendants do not state whether there is an alternative forum to make a showing under

21  the last factor.  "[W]hether another reasonable forum exists becomes an issue only when the

22  forum state is shown to be unreasonable."  *Sinatra v. Nat'l. Enquirer, Inc.*, 854 F.2d 1191, 1201

23  (9th Cir. 1988).  Such is not the case here.

24       When, as here, "purposeful availment has been established, the forum's exercise of

25  jurisdiction is presumptively reasonable.  To rebut that presumption, a defendant must present a

26  compelling case that the exercise of jurisdiction would, in fact, be unreasonable."  *Roth v.*

27  *Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991)(quotation marks and citations omitted); *see*

28  / / / / /

10

*also Panavision*, 141 F.3d at 1322.  On balance, Defendants have not made a compelling case of unreasonableness.

Based on Plaintiff's pleadings and affidavits, and resolving any conflicts between affidavits in Plaintiff's favor, Plaintiff made a *prima facie* showing of jurisdictional facts as to all Defendants and causes of action.  *See Dole*, 303 F.3d at 1108.  Defendants' motion to dismiss for lack of personal jurisdiction is therefore **DENIED**.

**IT IS SO ORDERED**.


DATED:  July 13, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

08cv1521