UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KAROUN DAIRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KAROUN DAIRIES, INC., *et al.* <br><br> Defendants; <br><br> AND RELATED COUNTERCLAIM. | Civil No. 08cv1521-L(WVG) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |

    This trademark infringement action arises from a family dispute over the right to use in the United States a trademark previously established in the family business in Lebanon. Plaintiff was first to use and register the mark in the United States and filed this infringement action against Defendants. Defendants filed a counterclaim alleging that Plaintiff is the infringer and requested cancellation of Plaintiff's registered mark. After the court denied Plaintiff's motions for a preliminary injunction and to dismiss the counterclaim, Plaintiff filed a motion to reconsider. Defendants filed an opposition. Plaintiff did not reply. For the reasons which follow, Plaintiff's motion to reconsider is **DENIED**.

    Plaintiff requests the court to reconsider the decision to deny the motion to dismiss Defendants' second counterclaim for trademark cancellation. Plaintiff contends that the court's finding that Defendants sufficiently alleged standing on the trademark cancellation claim is

1 erroneous by arguing that the definition of "use in commerce," which applies to trademark
2 registration also applies to establish standing in trademark cancellation cases. (Pl's Mem. of
3 P.&A. at 4.)  But Plaintiff presented no binding authority or persuasive argument why this is the
4 proper standard.  *Cunningham v. Laser Golf Corporation*, 222 F.3d 943, 945 (Fed. Cir. 2000),
5 used the standard of standing derived directly from 15 U.S.C. Section 1064, which provides for
6 cancellation claims.  Plaintiff has not cited any binding or persuasive authority why the
7 *Cunnigham* standard, which was relied upon by this court (Sept. 13, 2010 order at 13-14 & n.8),
8 is erroneous.  Plaintiff's motion is therefore denied with respect to the standing argument.

9      Plaintiff also requests the court to reconsider the judicial estoppel ruling, finding Plaintiff
10 estopped from arguing that Defendants do not use the marks in the United States.  Plaintiff
11 argues that the court misunderstood its prior representations regarding Defendants' use of the
12 marks in the United States and that the misunderstanding may have been invited by the
13 vagueness in Plaintiff's own allegation.  (Pl's Mem. of P.&A. at 2, 7.)  Plaintiff contends that
14 with the allegation that one of the Defendants "makes, distributes and sells the very same
15 products as [Plaintiff] in the United States" (*id*. at 7, quoting Second Am. Compl. ¶ 18), it
16 intended to say that the Defendant "purports to make, distribute and sell the same products ***in***
17 ***Canada*** that Plaintiff sells in the United States" (Pl.'s Mem. of P.&A. at 7 (emphasis in the
18 original)).  The two possible interpretations of the allegation are clearly inconsistent with each
19 other.  Whether the allegation was merely vague or outright misleading, Plaintiff does not deny
20 that it benefitted when the court interpreted the allegation to mean that the Defendant was selling
21 the products in the United States, and ruled in Plaintiff's favor on Defendants' motion to dismiss
22 for lack of personal jurisdiction.  Plaintiff does not propose to revisit that ruling.  In light of the
23 foregoing, allowing Plaintiff to benefit again, but on the opposite interpretation of the same
24 allegation, would impose an unfair detriment on Defendants.  *See New Hampshire v. Maine*, 532
25 U.S. 742, 750-51 (2001).  Plaintiff's motion is therefore denied with respect to the judicial
26 estoppel argument.
27 / / / / /
28 / / / / /

1 | Based on the foregoing, Plaintiff's motion for reconsideration of the order denying its
2 | motion to dismiss the counterclaim is **DENIED**.
3 |     **IT IS SO ORDERED**.

5 | DATED: December 6, 2010

                                      M. James Lorenz
                                      United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL