UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROUN DAIRIES, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KARLACTI, INC., a Delaware corporation, *et al.*,<br><br>　　　　Defendants. | Civil No. 08cv1521 AJB (WVG)<br><br>**ORDER GRANTING MOTION TO STAY TRIAL PROCEEDINGS PENDING DECISION BY THE NINTH CIRCUIT COURT OF APPEAL IN A RELATED CASE AND REQUIRING THE PARTIES TO SUBMIT A JOINT STATUS REPORT IN 60 DAYS**<br><br>(Doc. No. 261) |

Before the Court is Defendants' Motion to Stay Trial Proceedings Pending a Related Decision by the Ninth Circuit Court of Appeal. (Doc. No. 261.) For the reasons set forth below, Defendants' motion is GRANTED, and this action is hereby STAYED pending the Ninth Circuit's decision.

## **PROCEDURAL BACKGROUND**[1]

On November 24, 2011, Plaintiff sought leave to file a Third Amended Complaint in order to add a new claim for breach of an alleged oral contract, among other things.[2] With regard to the proposed breach of oral contract claim, Plaintiff claimed Defendant Ara Baghdassarian ("Ara") had breached an oral agreement with his brother Anto

---

[1] A more detailed, factual background of this case may be found in the Court's previous order denying Plaintiff's Motion for Reconsideration. (Doc. No. 234 at 2-6.)

[2] Doc. No. 83.

Baghdassarian ("Anto") in addition to breaching a written agreement already raised as a claim in this action. On June 24, 2011, the Court denied Plaintiff's request to add a breach of oral contract claim in this matter.[3] (Doc. No. 208.)

Five months after this Court's ruling, Anto filed a breach of oral contract claim based on similar facts against Ara in the Superior Court of the State of California for the County of Los Angeles, North Central Division on November 14, 2011.[4] Ara subsequently removed the case to the Central District of California (the "Central District") and filed a Notice of Pendency of Other Proceedings.[5] Ara then moved to dismiss the

---

[3] Defendants attached a Request for Judicial Notice ("RJN") to their Motion for a Stay. (Doc. No. 261-2.) Defendants seek judicial notice of the following: (1) a transcript from this Court's June 24, 2011 hearing on Plaintiff's Motion to File a Third Amended Complaint; (2) a notice of removal filed by Ara in the related case in the Central District; (3) a notice of pendency of other actions filed by Ara in the related case in the Central District; (4) a motion to dismiss or, alternatively, a motion to transfer filed by Ara in the related case in the Central District; (5) the Central District's February 16, 2012 order denying Anto's motion to remand the related case; (6) the Central District's February 16, 2012 order granting Ara's motion to dismiss the related case with prejudice; (7) Anto's opening brief appealing the Central District's ruling before the Ninth Circuit; (8) Ara's response brief in the appeal before the Ninth Circuit; (9) Anto's reply brief in the appeal before the Ninth Circuit; and (10) a transcript from the Central District's February 6, 2012 hearing regarding Anto's breach of contract claim. These items were attached as Exhibits A-J to Defendants' Motion to Stay. Plaintiffs have not objected to Defendants' request for judicial notice of these items.

As an initial matter, the June 24, 2011 and February 6, 2011 hearing transcripts from this Court and the Central District respectively are not determinative of any of the issues raised by Defendants' motion; nor are the transcripts necessary to the Court's resolution of the motion. Accordingly, the Court declines to take judicial notice of the transcripts in Exhibits A and J.

Because the remaining documents are matters of public record and relevant to the Court's decision herein, the Court takes judicial notice of the existence of the remaining documents, but not the truth of the disputed matters asserted by the parties therein. *See* Fed. R. Evid. 201(b)(2) (stating that the court may take notice of facts that are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (finding that matters that are part of the public record may be judicially noticed); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (taking judicial notice of the existence of the documents, but not the truth of disputed matters asserted therein).

[4] RJN, Ex. B, Notice of Removal & attached Complaint in *Antranik Baghdassarian v. Ara Baghdassarian*.

[5] RJN, Ex. C, Notice of Pendency.

Central District action, or in the alternative, to transfer it to the Southern District.[6] Anto moved to remand the case to state court. On February 16, 2012, the Central District: (1) denied Anto's motion for remand, finding diversity jurisdiction under 28 U.S.C. § 1332;[7] and (2) granted Ara's motion to dismiss with prejudice, holding Anto's breach of oral contract claim time-barred.[8] The Central District ruled that Anto's "claim for breach of oral contract is clearly barred" by the statute of limitations as Anto became aware of the "alleged breach of the Oral Agreement in 2006 when [Ara's] counsel notified him that [Ara] intended to apply for the Karoun trademark."[9]

On August 20, 2012, Anto appealed the Central District's ruling regarding the oral contract claim's statute of limitations and the denial of the motion to remand to the Ninth Circuit Court of Appeal.[10] On October 3, 2012, Ara filed his responsive brief, arguing that: (a) the district court properly exercised diversity jurisdiction; (b) removal was proper; (c) the court also has federal question jurisdiction; (d) Anto's duplicative lawsuit in the Central District is barred because it violates the rule against claim splitting; (e) the Central District correctly dismissed Anto's complaint because his claim was barred by the statute of limitations; (f) the dismissal was also proper because the alleged oral agreement is void against California's law and public policy prohibiting restraint of trade; and (g) dismissal was proper because the alleged oral agreement is invalid under Lebanese law because it does not comply with Lebanon's statute of frauds.[11] On November 5, 2012, Anto filed his reply.[12] Anto and Ara are currently awaiting the Ninth

---

[6] RJN, Ex. D, Ara's Central District Motion to Dismiss.

[7] RJN, Ex. E, Central District Minute Order Denying Anto's Motion to Remand.

[8] RJN, Ex. F, Central District Minute Order Granting Ara's Motion to Dismiss.

[9] RJN, Ex. F at 159.

[10] RJN, Ex. G, Anto's Opening Brief.

[11] RJN, Ex. H, Ara's Responsive Brief.

[12] RJN, Ex. I, Anto's Reply Brief.

Circuit's decision in *Antranik Baghdassarian v. Ara Baghdassarian*, 11-cv-10385 SVW(JCx) (C.D. Cal. 2012), *appeal docketed*, No. 12-55458 (9th Cir. Mar. 9, 2012).

On June 28, 2013, Ara and the other Defendants in this action filed the instant Motion to Stay Trial Proceedings Pending a Related Decision by the Ninth Circuit Court of Appeal regarding the alleged oral contract between Anto and Ara.[13] Plaintiff filed an opposition to Defendants' motion on July 12, 2013.[14] On July 19, 2013, Defendants filed their reply.[15]

## **LEGAL STANDARD**

A court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). For the sake of judicial economy, such a stay may be granted pending the outcome of other legal proceedings related to the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Such discretion is appropriately used when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented. *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. Cal. 1983); *San Diego Padres Baseball P'ship v. United States*, 2001 WL 710601, at *1 (S.D. Cal. May 10, 2001).

The district court's determination of whether a stay is appropriate, "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. The Ninth Circuit has noted that these competing interests include:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice mea-

---

[13] Doc. No. 261.

[14] Doc. No. 271.

[15] Doc. No. 289.

> sured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). However, "'if there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)(citing *Landis*, 299 U.S. at 255). "If a stay is especially long or its term is indefinite, we require a greater showing to justify it." *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (reversing stay imposed until the resolution of an appeal that might be lengthy). "[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Dependable Highway*, 498 F.3d at 1066 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)).

## **DISCUSSION**

Based on the above factors, the Court finds a stay of proceedings is appropriate in this case for the following reasons.

### I. **Prejudice to Moving Party by Denying Stay**

As noted by Defendants in their moving papers, the Ninth Circuit is currently considering the validity of an oral contract that is also at issue in this case. Defendants argue moving forward with trial proceedings without awaiting the Ninth Circuit's decision requires the parties to expend significant time and expense to litigate issues surrounding the oral contract that may be completely invalidated by the Ninth Circuit's decision. Additionally, Defendants argue moving forward would require witnesses, jury members, and the Court to waste time on an issue that may be fully adjudicated by the Ninth Circuit.

Under the circumstances, the Court agrees. The breach of oral contract claim brought by Anto against Ara in the Central District appears to be the same one rejected by this Court when it denied Plaintiff leave to add a breach of oral contract claim against

Ara here. As a result, Ara has already been required to litigate the same issue in two forums simultaneously, resulting in a much greater expense of time and resources than ordinarily required. It would cause further prejudice to Defendants if litigation continued in this action and the Ninth Circuit subsequently issued a decision that would require relitigation of this case in accordance with its ruling. Contrary to Plaintiff's assertion, it does not appear Defendants are seeking to avoid trial or needlessly drag out litigation. Rather, it appears the Ninth Circuit will consider issues that will also need to be considered by the Court in this case. Thus, it would result in prejudice to both parties if the decision reached by the Ninth Circuit required additional expense and effort in this case by virtue of the case proceeding forward without awaiting its decision.

## II. Prejudice to Non-Moving Party by Granting Stay

In contrast, Plaintiff argues a stay of trial for an indefinite amount of time would result in prejudice to Plaintiff. Specifically, Plaintiff asserts that any further delay of trial allows witnesses to grow older and their memories to fade, hampers Plaintiff's business activities, and increases expenses by litigating in an inconsistent fashion.

As support for this argument, Plaintiff relies upon *Murray v. City of Carlsbad* for the proposition that the potential delay of trial and the corresponding consequences to Plaintiff outweigh the potential efficiency and expense saved by Defendants and the Court.[16] In *Murray*, the court did find delay of trial constituted damage to the non-moving party, such that the moving party needed to make a clear case of hardship or inequity in being required to proceed with trial.[17] However, when the court denied the stay pending a decision by the Ninth Circuit in *Murray*, the court found the legal issues raised by the plaintiff's claims in the Ninth Circuit case were "separate and distinct from the legal issues" raised in the case before the court.[18] Accordingly, the moving party had

---

[16] (Pl. Resp. 21-22 (Doc. No. 271)(citing *Murray v. City of Carlsbad*, 2010 WL 4822744, at *1 (S.D. Cal. Nov. 22, 2010)).)

[17] *Murray v. City of Carlsbad*, 2010 WL 4822744, at *1 (S.D. Cal. Nov. 22, 2010).

[18] *Id.*

not satisfied its burden. In stark contrast to the situation in *Murray*, the issues raised in the Ninth Circuit case are not "separate and distinct" from the issues raised here. As noted above, the Ninth Circuit's decision may have a direct impact on the proceedings in this case. Accordingly, it would be inequitable to Defendants and a hardship upon both parties to require further litigation of this issue here before the Ninth Circuit issues its ruling.

Plaintiff also relies upon *Palomar Medical Center v. Sebelius* as support for imposing an enhanced burden on Defendants in seeking a stay of an undetermined duration at this late stage of the case.[19] In that case, the court noted the moving party had an enhanced burden to justify the stay where the stay requested was indefinite and denied a stay pending a decision in a related case.[20] However, the facts in *Palomar Medical Center* are also distinguishable from this case. First, the court in *Palomar Medical Center* observed that the related case "was just recently filed and its conclusion unknown." Second, the moving party in that case had "waited almost eight months before filing" the motion for a stay. In this instance, the time frame is less uncertain as the Ninth Circuit has not only accepted the appeal, but Anto filed his reply in November 2012, thereby completing the briefing on the issue. There is no reason to expect these proceedings will not be concluded within a reasonable time.[21] Additionally, there is no evidence Defendants unreasonably delayed filing their request for a stay in this case. Rather, Defendants have kept this Court informed regarding the status of the related case in the Central District and its subsequent appeal to the Ninth Circuit.

---

[19] *Palomar Medical Center v. Sebelius*, 2010 WL 2985839, at *1 (S.D. Cal. July 28, 2010).

[20] *Palomar Medical Center v. Sebelius*, 2010 WL 2985839, at *1 (S.D. Cal. July 28, 2010).

[21] Plaintiff argues Ara's failure to request an expedited hearing schedule before the Ninth Circuit can lead to only one conclusion: Ara failed to do so in order "to delay the trial of this long-pending case indefinitely and for as long as possible." (Pl. Resp. 17.) The Court declines to make this inference as there are any number of reasons a party might choose not to request an expedited hearing schedule that have absolutely nothing to do with intentionally delaying a related case.

Even with an enhanced burden based on the indefinite time period of the requested stay, the Court finds Defendants have made a persuasive case for hardship or inequity for the Defendants if the stay is not granted. In fact, Defendants have made a persuasive case for hardship or inequity on behalf of all those involved – the litigants, the witnesses, the jury members, and the Court – if a stay is denied. There is a distinct possibility that the Ninth Circuit's ruling will impact the resolution of issues in this case. As discussed above, moving forward with trial without awaiting the Ninth Circuit's ruling on these issues would result in significant expenditures of time and resources by the parties to litigate issues that may ultimately be invalidated.

In light of this potential hardship for both parties and non-parties, the Court is not persuaded by Plaintiff's argument that any delay of trial allows witnesses to grow older and their memories to fade, hampers Plaintiff's business activities, and increases expenses by litigating in an inconsistent fashion. The generalized risks cited by Plaintiff are not unique to the situation here. The Court's determination of whether a stay is appropriate, "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Even taking into account the damage to Plaintiff from delaying trial, the Court finds that the potential prejudice to the parties if the trial moves forward outweighs the potential prejudice to Plaintiff if a stay is granted.

### III. Judicial Economy

Similarly, a stay serves the Court's interest in judicial economy. Staying proceedings pending the Ninth Circuit's decision could simplify and clarify the issues presented for the Court's consideration in the parties' *Daubert* motions and motions in limine as well as the issues to be presented to the jury at trial. Under these circumstances, the Court finds significant value in temporarily staying proceedings to wait for any insight provided in the Ninth Circuit's opinion. It makes little sense to address the complicated issues of Lebanese contract law raised in the parties' *Daubert* motions, and likely to be raised in the parties' motions in limine, while these issues are simultaneously being considered by the Ninth Circuit. In all likelihood, the Ninth Circuit's consideration of

the oral contract will substantially aid the resolution of the present action by narrowing and simplifying the issues and facts presented before for the jury and Court.

Furthermore, the Court echoes Defendants' concern that moving forward with trial prior to a decision being reached by the Ninth Circuit could result in inconsistent rulings. It appears many of the issues raised before the Ninth Circuit would also be raised before this Court with regard to the parties' *Daubert* motions and motions in limine. If this Court or the jury reaches conclusions contrary to those reached by the Ninth Circuit, it would result in significant confusion and would likely extend litigation in order to address the inconsistent decisions. As a result, inconsistent rulings would waste judicial time and resources as well as impose further hardship and inequity to the parties.

Based on these considerations, the Court concludes a stay serves the interest of judicial economy. Overall, it appears the issues before the Ninth Circuit may have a direct impact on the issues currently before this Court, and the prejudice to the parties in moving forward without the benefit of the Ninth Circuit's decision outweighs the damage to Plaintiff of further delaying trial in this matter. Therefore, a stay is warranted under the circumstances.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' Motion to Stay Trial Proceedings. It is further ORDERED as follows:

1. This case is STAYED pending a decision by the Ninth Circuit in the related case, *Antranik Baghdassarian v. Ara Baghdassarian*, 11-cv-10385 SVW(JCx) (C.D. Cal. 2012), *appeal docketed*, No. 12-55458 (9th Cir. Mar. 9, 2012);
2. As a result, the parties' pending *Daubert* Motions and accompanying Motions to Seal are hereby taken off calender.[22] These motions will be reset once the stay has been lifted.

---

[22] (Doc. Nos. 253, 256, 257, 258, 259, 262, 263, 264, 265, and 268.)

3. The parties must submit a joint status report in 60 days to inform the Court of the status of the Ninth Circuit case.

IT IS SO ORDERED.

DATED: September 3, 2013

_____
**Hon. Anthony J. Battaglia**
**U.S. District Judge**