UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROUN DAIRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KAROUN DAIRIES, INC., *et al.*, <br><br> Defendants. | Civil No. 08-CV-1521-AJB (WVG) <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO DE-DESIGNATE DOCUMENTS FOR USE IN FOREIGN PROCEEDINGS <br><br> [DOC. NO. 335] |

## I. BACKGROUND

Plaintiff seeks an Order from this Court requiring Defendants to de-designate documents that Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Doc. Nos. 62-63) in this case. (Doc. No. 335 at 2.) On July 24, 2014, Plaintiff submitted a letter brief to the Court and noted that it seeks to have these documents de-designated for use in an appellate proceeding pending in Canada. On August 5, 2014, Defendants submitted a responsive letter brief to the Court. Defendants argued that the dispute is not properly before this Court, as it involves the same parties in a Canadian proceeding, and each party is represented by different counsel than in the current proceeding.

1    On August 29, 2014, the Court issued a Minute Order, noting that it agreed
2 with Defendants that this dispute was not properly before this Court, as Plaintiff sought
3 de-designation of the documents for use in the pending Canadian proceeding. (Doc.
4 No. 331.) The Court noted that, if Plaintiff sought to de-designate certain documents,
5 Plaintiff must file a motion seeking such de-designation, and include case law to
6 support its position that the dispute is properly before this Court. Id.

7    In compliance with the Court's Order, on September 5, 2014, Plaintiff filed
8 a Motion to De-Designate Documents for Use in Foreign Proceedings. (Doc. No. 335.)
9 On September 12, 2014, Defendants filed an Opposition to Plaintiff's Motion. (Doc.
10 No. 341.) On September 15, 2014, Plaintiff filed a Reply in Support of its Motion.
11 (Doc. No. 342.)

12    Plaintiff moves for de-designation of certain deposition testimony and one
13 document produced by Defendants. (Doc. No. 335 at 2.) Specifically, Plaintiff requests
14 that the Court order that the deposition of Karoun Dairies Inc. ("Karoun Canada") at
15 190:20-199:14; 225:13-20 and 233:5-24, the deposition of Defendant Ara
16 Baghdassarian ("Defendant Baghdassarian") (June 22, 2011) at 5:14-6:21;
17 225:10-227:2, and the Karoun Canada 2010 financial statement, be stripped of their
18 "Confidential" or "Highly Confidential" designations. Id. at 6. Plaintiff asserts that the
19 Protective Order in place in this action (Doc. Nos. 62-63) affords the parties the right
20 "[a]t any stage of these proceedings" to move this Court for an Order de-designating
21 material improperly marked "Confidential" or "Highly Confidential" without regard to
22 the reason for de-designation. Id. at 2. Defendants maintain their argument that the
23 dispute is not properly before this Court, and assert that the documents at issue are
24 properly designated because their public disclosure could be potentially prejudicial to
25 the business or operations of Karoun Canada. (Doc. No. 341 at 4.)

26    The Court has reviewed Plaintiff's Motion, Defendants' Opposition, Plaintiff's
27 Reply, supporting exhibits, and other relevant documents filed in this action. For the
28

reasons set forth below, the Court hereby GRANTS Plaintiff's request and ORDERS Defendants to de-designate the specified documents.

## II. ARGUMENT

On January 6, 2014, the Canadian Intellectual Property Office ("CIPO") issued an order (the "CIPO Order") in a challenge brought by Plaintiff expunging Karoun Dairies, SAL's ("Karoun Lebanon") registration of the trademark "Karoun" from the Canadian register because the mark had not been used for more than three years. (Doc. No. 335 at 2.) Defendant Baghdassarian appealed that order to a Canadian federal court. Id. In connection with that appeal, Defendant Baghdassarian filed a sworn Declaration (the "Canadian Declaration"), some of which Plaintiff claims is directly contradicted by sworn testimony that Defendant Baghdassarian gave in this action. Id.

### A. PLAINTIFF'S ARGUMENT
### 1. DISPUTE IS PROPERLY BEFORE THIS COURT

Plaintiff argues that this dispute is clearly before this Court, and is "baffled" by the Court's statement in its August 29, 2014, Minute Order that it is not. (Doc. No. 335 at 3.) Plaintiff points out that this Court granted the same type of relief in 2011, when it ordered certain testimony de-designated for use in an Australian proceeding. Id. Additionally, Plaintiff asserts that the governing Protective Order in this case unambiguously gives Plaintiff the right to move the Court for de-designation "[a]t any stage of the proceedings," without regard to the reason for the motion. Id. Finally, Plaintiff argues, the court that issues a protective order has jurisdiction over its enforcement. Id; citing Westinghouse Elec. Corp. v. Newman & Holzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993).

### 1. THE INFORMATION AT ISSUE IS NOT CONFIDENTIAL
#### a. RAMI'S MARKET TESTIMONY

Plaintiff seeks to de-designate the Rami's Market testimony, which is marked as "Confidential." (Doc. No. 335 at 4.) Plaintiff argues that, at Karoun Canada's deposition, Defendant Baghdassarian testified about an invoice reflecting a sale of

certain products to Rami's Market in Toronto that fell through before delivery. Id; citing Deposition of Karoun Dairies Inc. ("Karoun Canada Dep.") at 190:20-199:14. Plaintiff asserts that at Karoun Canada's deposition, Defendant Baghdassarian contradicted his statements in a Canadian Declaration. (Doc. No. 335 at 4.) Plaintiff argues that Defendant Baghdassarian described the Rami's Market transaction at length in the Canadian Declaration, which is a public document, and he also submitted the invoice to the CIPO and the federal court. Thus, Plaintiff contends, Defendant Baghdassarian should not be permitted to hide behind the Protective Order in this action "so as to avoid the consequences of his lies under oath."

### b. KAROUN CANADA'S 2010 FINANCIAL STATEMENT

Plaintiff also seeks to de-designate the Karoun Canada deposition at 225:13-20 and 233:5-24, which is marked "Confidential." (Doc. No. 335 at 5.) Plaintiff notes that this testimony refers to Karoun Canada's 2010 financial statement. Id. Plaintiff states that the financial statement indicates that Karoun Canada had no sales and made no profits at all after 2008, and re-confirms Defendant Baghdassarian's testimony to the same effect at the Karoun Canada Deposition at 198:12-199:14. Id. However, Plaintiff states that in the Canadian Declaration, Defendant Baghdassarian made general statements in the present tense about how Karoun Canada currently conducts its business. Id.

Plaintiff claims that this testimony should not retain its confidential designation because the fact that Karoun Canada has had no sales since 2008 is already in the public record. (Doc. No. 335 at 5.) Plaintiff notes that Paragraph 13 of the CIPO Order states, in pertinent part, "Furthermore, Mr. Baghdassarian concedes that the date a Canadian customer last received cheese bearing the Mark was in February 2008." Id. Moreover, Plaintiff argues that Defendants offer no cogent explanation as to how the fact that Karoun Canada has had no sales or profits for more than six years can reasonably be viewed as potentially prejudicial to its business or operations. Id.

### 3. TESTIMONY REGARDING KAROUN LEBANON'S SHUTTING DOWN OPERATIONS

Plaintiff also seeks to de-designate Defendant Baghdassarian's deposition testimony at 5:14-6:21 and 225:10-227:2, which is marked "Highly Confidential." (Doc. No. 335 at 6.) Plaintiff contends that, during his own deposition in this matter on June 22, 2011, Defendant Baghdassarian testified that Karoun Lebanon had no sales after 2003. Id; citing Deposition of Defendant Baghdassarian at 225:10-227:29. However, Plaintiff argues, in the Canadian Declaration, Defendant Baghdassarian swore that Karoun Lebanon suspended operations in 2005, rather than in 2003. Id; citing Canadian Declaration ¶ 19. Plaintiff asserts that Defendant Baghdassarian either lied at his deposition in this action, or he lied in the Canadian Declaration, and Plaintiff argues that it has the right to point this out in the Canadian litigation. Id.

Plaintiff argues that the continued designation of this testimony as "Highly Confidential" is unjustified because Defendant Baghdassarian has already put into the public record in the Canadian Declaration that Karoun Lebanon ceased operations years ago. (Doc. No. 335 at 6.) Moreover, Plaintiff argues, the fact that Karoun Lebanon has ceased operations is a fact that can be observed by anyone who drives by the shuttered Beirut factory, and cannot reasonably be construed as falling within the Protective Order's definition of "Highly Confidential."[1] Id.

### B. DEFENDANTS' ARGUMENT

#### 1. DISPUTE IS NOT PROPERLY BEFORE THIS COURT

Defendants argue that the Court has already found that it is not the proper Court to hear this dispute. (Doc. No. 341 at 2.) They state that Plaintiff's "beef" is with

---

[1] The parties' Protective Order defines "HIGHLY CONFIDENTIAL" as follows: "Any party may designate information as 'HIGHLY CONFIDENTIAL' only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information." (Doc. No. 62 at 3.)

1  different counsel in Canada, and Plaintiff's issues related to the Canadian action should
2  be litigated in that jurisdiction.  Id.  Further, Defendants assert that Plaintiff has not
3  provided any case law to persuade this Court to change its mind, and thus, the Court
4  should affirm its decision declining to get involved in matters not properly before it.
5  Id.

### 2. THE INFORMATION AT ISSUE IS CONFIDENTIAL

Defendants contend that the testimony of Karoun Canada and Defendant Baghdassarian, as well as Karoun Canada's financial statements, were properly designated pursuant to the parties' Protective Order, and therefore, the designations should not be disturbed. (Doc. No. 341 at 4.) Defendants state that Karoun Canada's 2010 financial statement contains information related to Karoun Canada's cash assets, long-term debt, shareholder's equity, including share capital and retained earnings, expenses, and net income. Id.  They argue that this is exactly the type of sensitive, financial, and commercial information that the parties' Protective Order was put in place to protect. Id. at 4-5.

Defendants assert that information related to a non-public business' finances, sales, profits, customers, prospective customers, operations, and successes and failures related to these areas, historical or otherwise, is at a minimum "Confidential," as that information "could be potentially prejudicial to the business or operations of such party." (Doc. No. 331 at 4; citing Protective Order [Doc. No. 62] at ¶ 4a.) Defendants also assert that the identities of customers and prospective customers and historical purchasing, or non-purchasing, information is routinely afforded trade secret protection. Id; citing Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc., 873 F. Supp. 2d 1192, 12-14-15 (N.D. Cal. 2012). Defendants argue that Plaintiff asserts that Karoun Canada is not currently doing any business, but does not explain how that would suddenly make everything Karoun Canada ever did, sales or customer-wise, not "Confidential." Id.

### 3. PLAINTIFF'S MOTION SHOULD BE DENIED AS A SANCTION FOR ITS PUBLIC DISCLOSURE OF THE SUBSTANCE OF DEFENDANTS' PROTECTED MATERIALS

Defendants argue that the boundaries of the parties' Protective Order encompass the information contained in designated materials, not just the materials themselves. (Doc. No. 341 at 5; citing Protective Order [Doc. No. 62] at ¶ 4 ("Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL.") They claim that Plaintiff violated the parties' Protective Order because, although Plaintiff filed the disputed materials under seal, its publically-filed Motion impermissibly revealed information from, and the substance of, portions of Defendant Baghdassarian's confidential testimony, along with information from and the substance of the status of Karoun Canada's sales and profits for the year 2008. Id.

Defendants also argue that Plaintiff has violated the terms of the Protective Order by sending all of the confidentially-designated materials to Plaintiff's counsel in the Canadian action. (Doc. No. 341 at 6.) Under the Protective Order, only attorneys and staff of the law firms involved in this litigation are authorized to have access to "Confidential" or "Highly-Confidential" documents. Id; citing Protective Order [Doc. No. 62] at ¶¶ 3, 8, 9. Defendants cite the Protective Order at Paragraph 15, which provides: "All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action." Id; citing Doc. No. 62.

Defendants assert that Plaintiff's Motion should be denied as a sanction for violating the parties' Protective Order, and that the Motion should be stricken from the record. (Doc. No. 341 at 5-6.)

## III. RELEVANT LAW

### A. PROPER COURT TO RULE ON DE-DESIGNATION

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003). In the Foltz case, the Ninth Circuit addressed when parties other than the original litigants may gain access to materials that a court has placed under protective seal. The Ninth Circuit stated, "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." Id. In the context of addressing whether it is appropriate for a district court to modify a protective order to permit confidential materials to be used in a different court proceeding, the Foltz Court stated, "Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." Id. at 1132.

### B. CONFIDENTIALITY DESIGNATIONS

In order to constitute a protectable trade secret, the information, which also includes a compilation, must "(1) Derive[] independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d); SkinMedica, Inc. v. Histogen, Inc., 869 F.Supp.2d 1176, 1192 (S.D. Cal. 2012); Religious Tech Ctr. v. Netcom On-Line Commc'n Serv., Inc., 923 F.Supp. 1231, 1250-51 (N.D. Cal. 1995). A trade secret requires proof of independent economic value derived from not being generally known. SkinMedica, 869 F.Supp.2d at 1192; citing Cal. Civ.Code § 3426.1(d)(1). Additionally, a trade secret must be a secret to merit legal protection. Id. Generally, information is secret where it is not generally known,

and where the owner has taken "efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ.Code § 3426.1(d); see also Courtesy Temp. Serv., Inc. v. Leonel Camacho, 222 Cal.App.3d 1278, 1288, 272 Cal.Rptr. 352 (1990). Reasonable efforts to maintain secrecy have been held to include "advising employees of the existence of a trade secret, limiting access to a trade secret on 'need to know basis,' and controlling plant access." Id. (citing Legis. Comm. Com., 12 West's Ann. Civ.Code § 108.)

Information which is too generally known to derive value from secrecy is unable to obtain trade secret protection even without disclosure. See, e.g., Designs Art v. NFL Props., Inc., 2000 WL 1919787 at *3 (S.D.Cal. Nov. 27, 2000) (finding that the idea of a tiger for a logo for the Cincinnati Bengals does not merit trade secret protection because the idea of using the subject of a corporate name as a logo for that entity is generally known). In California, "information can be a trade secret even though it is readily ascertainable, so long as it has not yet been ascertained by others in the industry." ABBA Rubber Co. v. Seaquist, 235 Cal.App.3d 1, 21 (1991). Thus, whether information is secret is "a relative concept and requires a fact-intensive analysis." Premier Displays & Exhibits v. Cogswell, 2009 WL 8623588 at *3 (C.D.Cal. Dec. 23, 2009) (citing DVD Copy Control Ass'n Inc. v. Bunner, 116 Cal.App.4th 241, 251 (2004)).

From the general rule governing secrecy, it follows that an unprotected disclosure of the holder's secret terminates the existence of the trade secret. SkinMedica, 869 F.Supp.2d at 1194; citing Stutz Motor Car v. Reebok Int'l, Ltd., 909 F.Supp. 1353, 1359 (C.D.Cal.1995). Even a single public disclosure of information may defeat trade secret protection. See e.g., HiRel Connectors, Inc. v. United States, 2006 WL 3618011 at *8–10 (C.D.Cal. Jan. 25, 2006) (finding information was not a protectable trade secret where plaintiff had sent a drawing that disclosed claimed trade secret information to another entity without a non-disclosure agreement).

## IV. DISCUSSION AND RULING

### A. DISPUTE IS PROPERLY BEFORE THIS COURT

Although Defendants argue that the Court has already found that this dispute is not properly before it for resolution, the Court has not yet declined to rule on Plaintiff's request to de-designate documents. The Court Ordered Plaintiff to file a motion seeking de-designation of documents if it sought such an Order. (Doc. No. 331.) After reviewing Plaintiff's Motion, Defendants' Opposition, and Plaintiff's Reply, the Court agrees with Plaintiff that the language of the Protective Order entered in this case controls the dispute. See Doc. No. 343 at 2. These documents were designated "Confidential" and "Highly Confidential" pursuant to the Protective Order issued by this Court on May 7, 2010. See Doc. Nos. 62-63. Therefore, the dispute is properly before this Court, and the Court looks to the terms of the governing Protective Order to determine whether the documents at issue are properly designated.

### B. PARTIES MAY OBJECT TO A DESIGNATION AT ANY TIME

The Protective Order in this case states that any party may object to a designation of materials as confidential "[a]t any stage of these proceedings." (Doc. No. 62 at 6.) Accordingly, Plaintiff's request for a Court Order to de-designate these documents is timely and appropriate.

### C. THE DISPUTED INFORMATION IS NOT CONFIDENTIAL

The burden of proof to maintain the confidentiality of any document is on the party seeking to maintain the confidentiality. In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) ("When the protective order 'was a stipulated order and no party ha[s] made a 'good cause' showing,' then 'the burden of proof ... remain[s] with the party seeking protection.' ").

Here, the burden is on Defendants to demonstrate good cause that the information at issue is confidential. They claim that the testimony and Karoun Canada's 2010 financial statement contains information related to Karoun Canada's cash assets, long-term debt, shareholder's equity, including share capital and retained

earnings, expenses, and net income, which is exactly the type of sensitive, financial, and commercial information that the parties' Protective Order was put in place to protect. (Doc. No. 341 at 4-5.) Defendants also claim that disclosure of this information "could be potentially prejudicial to the business or operations" of Karoun Canada. Id. at 4.

Plaintiff argues that Defendants' alleged confidential information has been made available to the public through various means. Plaintiff contends that Defendant Baghdassarian described the Rami's Market transaction at length in the Canadian Declaration, which is a public document, and he also submitted the invoice to the CIPO and the federal court. (Doc. No. 335 at 4.) Plaintiff also notes that Paragraph 13 of the CIPO Order states, in pertinent part, "Furthermore, Mr. Baghdassarian concedes that the date a Canadian customer last received cheese bearing the Mark was in February 2008." Id. at 5. Additionally, Plaintiff argues that the continued designation of Defendant Baghdassarian's testimony as "Highly Confidential" is unjustified because Defendant Baghdassarian has already put into the public record in the Canadian Declaration that Karoun Lebanon ceased operations years ago, and the fact that Karoun Lebanon has ceased operations is a fact that can be observed by anyone who drives by the shuttered Beirut factory. Id. at 6.

The Court finds that the information that Plaintiff seeks to be de-designated would not in any way be prejudicial to Karoun Canada, a business that has not had any sales since 2008. The Court also finds that de-designation of these portions of documents would not reveal trade secret information that would harm Karoun Canada should it ever resume operations. The Court has reviewed the information at issue and finds that the information in these documents should not maintain their designations as "Confidential" and "Highly Confidential." The unprotected disclosure of a trade secret will cause the information to forfeit its trade secret status, since "[i]nformation that is generally known or readily ascertainable through proper means by others ... is not protectable as a trade secret." Religious Tech Ctr., 923 F.Supp. at 1254. Once trade

secrets have been exposed to the public, they cannot later be recalled. In re Remington Arms Co., 952 F.2d 1029, 1033 (8th Cir. 1991).

### D. SANCTIONS ARE NOT WARRANTED

Defendant proposes that Plaintiff be sanctioned for disclosing information marked as "Confidential" or "Highly Confidential" to Plaintiff's Canadian counsel. Defendant proposes that the sanction be denial of Plaintiff's request to de-designate the materials in question.

To resolve this aspect of Defendant's opposition to de-designation, the Court relies upon the terms of the Protective Order (Doc. No. 62), submitted jointly by the parties and approved by the Court (Doc. No. 63). The relevant paragraphs are 8 (Disclosure of "Highly Confidential" material), 9 (Disclosure of "Confidential" material), 14 (Materials must be treated as confidential and handled accordingly until the Court de-designates it), and 15 (Unauthorized or inadvertent disclosure).

There is no dispute that the materials in question have been designated by Defendant as "Confidential" or "Highly Confidential." Consequently, Plaintiff's handling of this information must comply with paragraphs 8 and 9 of the Protective Order. (Doc. No. 62.) Those two paragraphs specifically provide to whom Plaintiff may disclose the protected materials so marked. Even under a liberal interpretation of paragraphs 8 or 9, Canadian counsel is not one of the individuals falling within the scope of authorized recipients. However, although Canadian counsel is not included within the ambit of authorized recipients in paragraphs 8 or 9, Plaintiff states that Canadian counsel read the Protective Order, agreed to be bound by the Protective Order, and has not shared the material. (Doc. No. 342 at 4.) Accordingly, although it appears that Plaintiff prematurely and without authority disclosed protected material to an unauthorized individual, Plaintiff took the necessary steps to ensure that Canadian counsel complied with the precautions set forth in the Protective Order.

Given the Court's determination that the materials ought to be de-designated, any premature disclosure to Canadian counsel, while a technical violation of the

Protective Order, is de minimus. Defendant's suggested remedy for such a technical violation is disproportionately severe. Accordingly, Defendant's requested sanction is DENIED.

## V. CONCLUSION

The Court has reviewed the Deposition of Karoun Canada at 190:20-199:14; 225:13-20 and 233:5-24, the Deposition of Ara Baghdassarian (June 22, 2011) at 5:14-6:21; 225:10-227:2, and Deposition Ex. 52, the Karoun Canada 2010 financial statement. The Court hereby ORDERS de-designation of this specific information. Defendants shall de-designate these documents by **October 17, 2014**.

IT IS SO ORDERED.

DATED:  October 14, 2014

Hon. William V. Gallo
U.S. Magistrate Judge