UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROUN DAIRIES, INC., ) <br> Plaintiff, ) <br> v. ) <br> KAROUN DAIRIES, INC., *et al.*, ) <br> Defendants. ) | Civil No. 08-1521-AJB (WVG) <br> **ORDER** |

Before the Court are Defendant/Counterclaimants' Request to be Relieved from a Portion of the Order Granting Plaintiff's Motion to De-Designate Documents for Use in Foreign Proceedings[1] ("Motion for Reconsideration") and Plaintiff's opposition ("Plaintiff's Response").[2] In the Motion for Reconsideration, Defendants ask the Court to revise its order granting the Plaintiff's request for the de-designation of three materials originally marked as "Confidential" or "Highly Confidential" by Defendants ("De-Designation Order"):[3] (1) a 2010 Financial Statement detailing Defendants' operations ("Statement"), (2) the deposition of Karoun Canada ("Karoun Deposition"), and (3) the deposi-

---

[1] Though labeled as a request for relief, Defendants' letter must be classified as a motion for reconsideration as a matter of law. Substance rather than mislabeling guide judicial analysis.

[2] Both documents were sent to this Court's efile address in the form of professional letters. The Motion for Reconsideration was sent on October 16, 2014; Plaintiff's Response was received on October 17, 2014. Because these documents were never formally docketed, this Court quotes from the Motion for Reconsideration and Plaintiff's Response without the benefit of a specific docket, page, or line number.

[3] The documents had been so marked pursuant to this Court's order granting the Joint Motion for Protective Order ("Joint Motion") submitted by Plaintiff and Defendants (collectively,"Parties").

tion of Ara Baghdassarian ("Ara Deposition"), one of the named Defendants and a natural person alleged to be Karoun Canada's alter ego, Doc. No. 1. Doc. No. 354, at 2, 12–13. For reasons more fully explained below, the Court DENIES the Motion for Reconsideration.

## I.    BACKGROUND

On May 7, 2010, the Parties submitted the Joint Motion. (Doc. No. 62.) The motion governed "materials to be exchanged throughout the course of litigation between the parties . . . [that] may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information"; its purpose was to protect these materials by having them labeled "Confidential" or "Highly Confidential" by either party. (Id. at 2, 3.) Disclosure was governed by, among other provisions, paragraph seven, which forbade either party from disclosing materials so denominated "to anyone other than those persons within this order" for "any purpose other than in connection with this litigation." (Id. at 5.) Such designation could be removed by either the Parties' own agreement or this Court's order. (Id.) Paragraph twenty-one reiterated this reservation: "Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court." (Id. at 8.) On May 10, 2010, this Court granted the Joint Motion ("Protective Order"). (Doc. No. 63.)

On September 5, 2014, Plaintiff filed a Motion to De-Designate Documents for Use in Foreign Proceedings. (Doc. No. 335.) Defendants answered with a Response in Opposition on September 12, 2014. (Doc. No. 341.) On September 15, 2014, Plaintiff countered with its own reply. (Doc. No. 342). On October 14, 2014, this Court issued the De-Designation Order. (Doc. No. 354.) The Order effectively unsealed the Statement and the Karoun and Ara Depositions.[4] (Id. at 2, 12–13.) The data to be released, the Court noted in its detailed order, related to "Karoun Canada's cash assets, long-term debt,

---

[4] In effect, a de-designation order and an unsealing order achieve the same end: the relevant information is released. The difference is one of nomenclature, not of meaning. Cf. Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm, 278 F.R.D. 136, 138 (D. Md. 2011) (noting that de-designated documents need not be filed under seal).

shareholder's equity, including share capital and retained earnings, expenses, and net income." (Id. at 10–11.) In so doing, the Court specifically found that "the information that Plaintiff seeks to be de-designated would not in any way be prejudicial" to Defendants. (Id. at 11.) In fact, the Court emphasized its rejection of the Defendants' claim that "disclosure of information could be potentially prejudicial to . . . [Defendant's] business or operations." (Id.) Additionally, having carefully read the contested material, the Court determined that the disclosures contained no "trade secret information that would harm . . . [Defendants] should it ever resume operations." (Id.) "*Protectable* trade secrets" were simply not involved, whether because the information was already generally known or because it was readily ascertainable through other proper means. (Id. at 11–12 (emphasis added) (citations omitted).) The Court ordered de-designation to occur by October 17, 2014. (Id. at 13.)

Prior to the October 17, 2014, deadline,[5] Defendants submitted the Motion for Reconsideration in missive form, contesting only the de-designation of the Statement. The letter propounds four discrete reasons for why this document should retain its confidential status.[6] First, its de-designation would be highly prejudicial to the Defendants and minimally probative for Plaintiff, as the statement contains information regarding Defendants' "cash assets, long-term debt, shareholder's equity, including share capital and retained earnings, expenses, and net income." Second, if Defendants must release this purportedly sensitive data, Plaintiff should also be compelled to de-designate "all of his company's financial information, including annual financial statements." To order any less would be unfair, a disparate application of the Protective Order's specific strictures. Third, the Statement's de-designation is unnecessary because the already de-designated Karoun and Ara Depositions will divulge what the Statement will confirm. The value is too minuscule, the dangers too high, in Defendants' view. Finally, the

---

[5] The filing of the Motion for Reconsideration prior to October 17, 2014, stayed that deadline as to the Statement only.

[6] Defendants list this second reason as part of the first's discussion. For ease of analysis, the Court considers these reasons separately.

Statement contains data not yet made public. Consequently, the unredacted Statement's unfettered release will expose reams of financial information, otherwise kept secret and potentially crucial to Defendants' future business endeavors, to the world entire.

Plaintiff's Response offered several counterpoints. In it, Plaintiff not only contended that Defendants were rehashing arguments "already considered and rejected" by the Court but also described Defendants' arguments as "diversionary" and "irrelevant." Necessity, Plaintiff notes, is not a requirement for de-designation, and public access to the contested information was not the exclusive basis for the De-Designation Order. In Plaintiff's telling, "Defendants have failed completely to satisfy the requirements for reconsideration."

II. **DISCUSSION**

A. **Legal Standard**

The Federal Rules of Civil Procedure[7] do not formally recognize the existence of motions for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828, 113 S. Ct. 89, 121 L. Ed. 2d 51 (1992); Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied, 510 U.S. 859, 114 S. Ct. 171, 126 L. Ed. 2d 131 (1993). Nonetheless, as a matter of standard practice, courts consider such motions under either Rule 60(b) or Rule 59(e). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). If filed within ten days of the order's entry, it is treated as a motion to alter or amend the judgment under Rule 59(e). Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (partly relying on United States v. Nutri-Cology, Inc., 892 F.2d 394, 397 (9th Cir. 1992)); see also, e.g., Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1992); Feather v. Chevron U.S.A., 141 F.3d 264, 268 (6th Cir. 1998). Because Defendants submitted the Motion for Reconsider-

---

[7] Any and all references to "Rule" or "Rules" in this order refers to either a Federal Rule of Civil Procedure or the Federal Rules of Civil Procedure.

ation on October 16, 2014, and thus within ten days of the De-Designation Order's issuance, the Court must apply the standard set forth in Rule 59(e).[8]

Per binding precedent, a motion for reconsideration shall be granted if at least one of four circumstances is shown. A court (1) is presented with newly discovered evidence or (2) has committed clear error. Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (quoting Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236, 114 S. Ct. 2742, 129 L. Ed. 2d 861 (1994)). Additionally, (3) if the initial decision was manifestly unjust, reconsideration is merited. United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)). Lastly, (4) change in controlling law also justifies reconsideration. 39 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Other "highly unusual circumstances" may also justify reconsideration.[9] Sch. Dist. No. 1J, 5 F.3d at 1263; Lemley v. Colvin, No. 2:13-CV-0299, 2014 U.S. Dist. LEXIS 72097, at *3–4, 2014 WL 2196663, at *1 (E.D. Wash. May 27, 2014) (summarizing Ninth Circuit case law). Any such further inquiry must account for the fact that "a motion for reconsideration is an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 1993) (internal quotation marks and citation omitted); cf. Messenger v. Anderson, 225 U.S. 436, 444, 32 S. Ct. 739, 740, 56 L. Ed. 1152 (1912) ("[T]he practice of courts [is] generally to refuse to reopen what has been decided . . . .").

With equal clarity, the courts have recognized as invalid a number of different grounds often propounded by litigants in reconsideration motions. Such motions may not be used "to raise arguments or present evidence for the first time when they could

---

[8] Although Defendants do not state the standard in their October 14, 2014, letter, Plaintiff does so in its opposition.

[9] Precisely what reasons may fall within this amorphous category is unascertainable. Conceivably, it includes the six grounds for relief from a final judgment enumerated in Rule 60(b), grounds that courts have occasionally considered under Rule 59(e).

reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also, e.g., Waltman v. Int'l Paper Co., 875 F.2d 468, 473–75 (5th Cir. 1989). More simply stated, old arguments should not be rehashed, Resolution Trust Corp. v. Holmes, 846 F. Supp. 1310, 1316 & n.18 (S.D. Tex. 1994) (collecting cases), and an "unhappy litigant" cannot enjoy "one additional chance to sway the judge," Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Rule 59(e) requires something new and decisive, some blatant injustice, or an obvious error, not substantively identical assertions repeated and repackaged. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985); accord, e.g., Frasure v. United States, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003); Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981), cert. denied, 459 U.S. 828, 103 S. Ct. 65, 74 L. Ed. 2d 66 (1982).

**B.  Analysis**

Generally, with one exception, the Motion for Reconsideration enumerates reasons untenable based on this circuit's longstanding practice.

First, in describing why the Financial Statement must remain confidential, Defendants offers the following description: "It contains information related to Karoun Canada's cash assets, long-term debt, shareholder's equity, including share capital and retained earnings, expenses, and net income." Fatally for this argument, however, this reason for retaining the Statement's sealed status was already presented to the Court. Indeed, in its De-Designation Order, the Court described the Statement in the exact same terms that Defendants now advances. (Doc. No. 354, at 10–11.)  By so contending, Defendants have thus run afoul of one of the cardinal precepts governing consideration of any motion for reconsideration: "A reconsideration motion is properly denied where it merely presents arguments previously raised in the prior motion or opposition." Lopes v. Vieria, No. 1:06-cv-01243, 2011 U.S. Dist. LEXIS 89791, at *8, 2011 WL 3568600, at *2 (E.D. Cal. Aug. 12, 2011) (citing Backlund, 778 F.2d at 1388)). As these quotes attest, not only was this argument raised beforehand, but this precise description explicitly rejected as sufficient to justify continued nondisclosure.

Second, though Defendants perceive this disclosure as unfair and in contravention of the Protective Order, this position ignores that order's language and the nature of discovery. Per the Joint Motion, one signed by Defendants, de-designation did not have to affect the Parties equally, disclosures made in a kind of tit-for-tat fashion. Rather, the Court's power to annul a party's designation was acknowledged in two separate paragraphs; pursuant to the second one, "[n]othing within this order" was to be "construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court." (Doc. No. 62, at 5, 8.) This language, acceded to if not drafted by Defendants, imposes no proportional disclosure requirement, and de-designation of a Plaintiff-classified document was not predicated on the de-designation of one of the Defendant's favored pieces (or vice versa). Relatedly, as Plaintiff stresses, the rules of discovery recognize no such prerequisite for de-designation. E.g., Bankers' Bank Ne. v. Berry Dunn McNeil & Parker, LLC, No. 12-cv-127, 2014 U.S. Dist. LEXIS 41676, at *6, 2014 WL 1320875, at * 1 (D. Me. Mar. 28, 2014) (denying a similar "tit-for-tat request" regarding the production of documents); Sabo v. Fiskers Brands, Inc., No. 2:12-cv-00503, 2013 U.S. Dist. LEXIS 179360, at *3, 2013 WL 6816693, at *1 (D. Idaho Dec. 20, 2013) ("Discovery is not a sport, and the Court does not encourage tit-for-tat discovery concessions.").

Defendants' third reason–that the Statement's disclosure is unnecessary in light of the Karoun and Ara Depositions' de-designation, its release merely "cumulative"–falters for similar reasons. True, Rule 26(b)(2)(c) allows a court to restrict discovery if it determines it to be "unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2)(c)(ii). If it is used to corroborate the claims made in the de-designated depositions, however, the Statement will not be duplicative as that term is commonly understood, but rather both relevant and possibly critical. See, e.g., State Nat'l Ins. Co. v. Khatri, No. C 13-00433, 2014 U.S. Dist. LEXIS 64549, at *24–25, 2014 WL 1877618, at *8 (N.D. Cal. May 9, 2014) (rejecting request to limit depositions as potentially duplicative just because an agreement's particulars could be found in an already tendered

text); Ingalls v. Walgreen E. Co., No. 10-cv-242, 2011 U.S. Dist. LEXIS 25754, at *21, 2011 WL 777948, at *8 (D.N.H. Mar. 1, 2011) (allowing discovery of "evidence [that] would tend to corroborate plaintiff's testimony" in the absence of a showing of undue burden); cf. Blum v. Merrill Lynch Pierce Fenner & Smith, Inc., 712 F.3d 1349, 1354–55 (9th Cir. 2013) (acknowledging the dangers posed by duplicative discovery yet observing that "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation" (internal quotation marks omitted)). In the alternative, if the culled data is later used to impeach a witness, the Statement's discovery may also prove decisive. Regardless of these objections, because this argument could have been previously made to this Court, it cannot support the granting of a motion for reconsideration. Van Skiver, 952 F.2d at 1243.[10/]

Defendants' final point is also unavailing. The Court has already determined that the information in the Statement is not entitled to protection, whether as a trade secret or pursuant to an evidentiary privilege. (Doc. No. 354, at 11–12.)  A desire to keep information secret for either financial advantage or so as to avoid negative publicity cannot support denial of a legitimate discovery request in the absence of an undue burden or expense. FED. R. CIV. P. 26(c)(1); St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511–12 (N.D. Iowa 2000) (explicating the standard–and the opponent's high burden). Certainly, even if credible, that argument does not provide a new reason to believe the information merits continued protection from disclosure, the bare minimum necessary to trigger reconsideration. Defendants have or could have made this same argument; as such, they are now attempting "to re-litigate an issue already decided," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), by advancing a notion already perceived, weighed–and rejected, (Doc. No. 354, at 11); see also Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (holding

---

[10/] Under this same heading, Defendants once more press their belief that the evidence is only marginally relevant and highly prejudicial. Such concerns may lead to non-admission of such evidence at trial. FED. R. EVID. 403. It does not provide a reason to reconsider a prior order.

that reconsideration should be granted only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or made an error not of reasoning but of apprehension" (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983))).

### III.  RULING

For the aforementioned reasons, the Court DENIES the Motion for Reconsideration. Defendants are ordered to release a redacted version of the Statement that excludes any and all data unrelated to its sales activities by October 31, 2014.

IT IS SO ORDERED.

DATED: October 24, 2014

_____
Hon. William V. Gallo
U.S. Magistrate Judge